UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RICARDO MERCADO,<br><br>Defendant. | Case No. 18-CR-00549-LHK-3<br><br>**ORDER REGARDING GOVERNMENT'S MOTIONS IN LIMINE AND MOTION TO EXCLUDE; DEFENDANT MERCADO'S MOTION IN LIMINE NO. 1**<br><br>Re: Dkt. Nos. 74, 82, 83 |

On November 8, 2018, a federal grand jury returned an Indictment charging Defendants Luis Gonzalez, Alez Gonzalez-Perez, Ricardo Mercado, and Edwin Christian Figueroa with various drug-related offenses, including possession with intent to distribute and distribution of methamphetamine and conspiracy to possess with intent to distribute and to distribute methamphetamine. ECF No. 1 ("Indictment"). As relevant here, Counts Four and Five charge Defendant Ricardo Mercado with conspiracy to possess with intent to distribute and to distribute methamphetamine and possession with intent to distribute and distribution of methamphetamine. *Id.*

Defendant Ricardo Mercado's pre-trial conference will take place on January 31, 2020.

1

1   All of Defendant Mercado's co-defendants have pled guilty and are awaiting sentencing. This Order relates to the motions as to Defendant Mercado.

Specifically, on January 15, 2020, in advance of the January 31, 2020 pre-trial conference, Defendant Mercado filed a motion in limine to permit the defense to introduce at trial evidence regarding statements by defendant. ECF No. 74 ("Mercado Mot."). The Government filed an opposition on January 22, 2020. ECF No. 89 ("USA Opp."). The Government also filed three motions in limine on January 15, 2020, as well as a motion to exclude testimony by a defense expert witness. ECF Nos. 82 ("USA Expert Mot.") and 83 ("USA Mot."). Defendant Mercado filed an opposition to the motions on January 22, 2020. ECF Nos. 87 ("Mercado Opp.") and 88 ("Mercado Expert Opp."). The Government was permitted to file a reply in support of its motion to exclude testimony by a defense expert witness, ECF No. 91, and the Government filed its reply on January 27, 2020, ECF No. 95.

Having considered the parties' submissions, the relevant law, and the record in this case, the Court GRANTS in part and DENIES in part the Government's motions in limine; GRANTS the Government's motion to exclude testimony by a defense expert witness; and GRANTS Defendant Mercado's motion in limine to permit the defense to introduce at trial evidence regarding statements by defendant.

## I. LEGAL STANDARD

Motions in limine are a "procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). Like other pretrial motions, motions in limine are "useful tools to resolve issues which would otherwise clutter up the trial." *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017). Accordingly, "a ruling on a motion in limine is essentially a preliminary opinion that falls entirely within the discretion of the district court." *Id.*; *see Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984) (explaining that a court may rule in limine "pursuant to the district court's inherent authority to manage the course of trials").

In many instances, however, rulings "should be deferred until trial, so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *United States v. Pac. Gas & Elec. Co.*, 178 F. Supp. 3d 927, 941 (N.D. Cal. 2016). For example, in order to exclude evidence on a motion in limine, "the evidence must be inadmissible on all potential grounds." *McConnell v. Wal-Mart Stores, Inc.*, 995 F. Supp. 2d 1164, 1167 (D. Nev. 2014). Thus, denial of a motion in limine to exclude certain evidence does not mean that all evidence contemplated by the motion will be admitted, only that the court is unable to make a comprehensive ruling in advance of trial. *Id.* Moreover, even if a district court does rule in limine, the court may "change its ruling at trial because testimony may bring facts to the district court's attention that it did not anticipate at the time of its initial ruling." *City of Pomona*, 866 F.3d at 1070; *see also Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000) ("[I]n limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial.").

## II. GOVERNMENT'S MOTIONS IN LIMINE

The Government filed a brief containing three motions in limine. ECF No. 83 ("USA Mot."). The Court takes each of the Government's motions in limine in turn.

### A. Motion in Limine No. 1

In its first motion in limine, the Government seeks to exclude evidence that Defendant Mercado failed to produce before trial. USA Mot. at 1. The Government asserts that "[t]o date, the defendant has produced no reciprocal discovery that he intends to introduce at trial, other than his disclosure of . . . a fingerprint expert." *Id.* Defendant Mercado responds that he is "well-aware of [his] reciprocal discovery obligations" and "has not indicated that he intends to offer any evidence in violation of his reciprocal discovery obligations." Mercado Opp. at 2.

Under Federal Rule of Criminal Procedure 16(b), a defendant must disclose and allow the Government to inspect "books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items if: (i) the item is within the defendant's

3

Case No. 18-CR-00549-LHK-3
ORDER REGARDING GOVERNMENT'S MOTIONS IN LIMINE AND MOTION TO EXCLUDE; DEFENDANT MERCADO'S MOTION IN LIMINE NO. 1

possession, custody, or control; and (ii) the defendant intends to use the item in the defendant's case-in-chief at trial." If a defendant fails to comply with his or her discovery obligations the Court may "(A) order that party to permit the discovery or inspection . . .; (B) grant a continuance; (C) prohibit that party from introducing the undisclosed evidence; or (D) enter any other order that is just under the circumstances." Fed. R. Crim. P. 16(d)(2).

The Court will not make a blanket ruling that Defendant Mercado's failure to comply with his discovery obligations will necessarily lead to the exclusion of the undisclosed evidence. *See United States v. Aiyaswamy*, 2017 WL 1365228, at *3 (N.D. Cal. Apr. 4, 2017). Federal Rule of Criminal Procedure 16(d)(2) "provides a number of potential remedies for failure to comply with discovery obligations. While a Defendant's introduction of evidence by surprise at trial may require exclusion of that evidence, such a determination must be made on a case-by-case basis." *Aiyaswamy*, 2017 WL 1365228, at *4; *see United States v. Ortega-Sanchez*, 2013 WL 1899780, at *2 (N.D. Cal. May 7, 2013) (permitting exclusion of "any evidence that should have been provided under Rule 16" if such evidence was "not properly disclosed before trial").

In addition, under Federal Rule of Criminal Procedure 26.2, "[a]fter a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, must order an attorney for the government or the defendant and the defendant's attorney to produce, for the examination and use of the moving party, any statement of the witness that is in their possession and that relates to the subject matter of the witness's testimony." The Government is correct that Defendant Mercado "must provide any prior statements of the witnesses [he] calls, although nothing in Rule 26.2 requires [him] to do so now." *Id.*

Accordingly, the Court DENIES without prejudice the Government's motion to exclude any evidence that Defendant fails to disclose under Federal Rules of Criminal Procedure 16(b) or 26.2.

**B. Motion in Limine No. 2**

In its second motion in limine, the Government seeks to exclude as "irrelevant and

4

Case No. 18-CR-00549-LHK-3
ORDER REGARDING GOVERNMENT'S MOTIONS IN LIMINE AND MOTION TO EXCLUDE; DEFENDANT MERCADO'S MOTION IN LIMINE NO. 1

prejudicial" "any reference by either party to the defendants' potential punishment during any phase of the trial." USA Mot. at 2. This includes any references to Defendant's immigration status, as Defendant, if convicted, could face adverse immigration consequences. *Id.* Additionally, the Government also seeks to exclude any statements encouraging jury nullification. *Id.*

Defendant concedes, as he must, that it is inappropriate for a jury to hear or consider information about a defendant's potential punishment. Mercado Opp. at 2; *see United States v. Frank*, 956 F.2d 872, 878 (9th Cir. 1991) ("[I]t is inappropriate for a jury to consider or be informed of the consequences of their verdict."). Because "juries are not to consider the consequences of their verdicts," "providing jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion." *Shannon v. United States*, 512 U.S. 573, 579 (1994).

Defendant opposes the motion only to the extent that it covers "subtle" references such as "this case has serious consequences for the defendant," or "your decision will have consequences for a long time to come." Mercado Opp. at 3. The Court agrees with Defendant Mercado that not all "subtle" references to the significance of the jury's decision are covered by the general rule that a defendant may not reference his or her potential punishment. In the Court's view, the statements that "this case has serious consequences for the defendant," or "your decision will have consequences for a long time to come" are permitted, but the two examples of "the defendant is facing a lot of time" or "the defendant's liberty is at stake in this trial" are not permitted. *See United States v. Williams*, No. 3:13-CR-00764-WHO-1, 2017 WL 4310712, at *8 (N.D. Cal. Sept. 28, 2017) (permitting the defendant to use subtle references such as "this case has serious consequences for the defendant").

However, drawing the line between acceptable references and unacceptable references is not an easy task. As a consequence, the Court rules only on the proffered examples for now. The parties are invited to seek the Court's guidance as to particular evidence or arguments outside the

5

presence of the jury.

As to his immigration status, Defendant Mercado seeks to refer to his status as a legal permanent resident. Mercado Opp. at 4. Defendant Mercado contends that jurors may erroneously believe that he violated immigration laws, which could affect how jurors evaluate his guilt or innocence as to the charged drug offenses. The Court holds that such evidence would be irrelevant to Defendant Mercado's drug offenses. For that reason, the Court prohibits the parties from referring to Defendant Mercado's immigration status.

As to jury nullification, Defendant does not oppose the Government's requests. Indeed, "[o]ur circuit's precedent indicates that [defendants] are not entitled to jury nullification instructions." *United States v. Powell*, 955 F.2d 1206, 1213 (9th Cir. 1991); *United States v. Hitesman*, 2016 WL 3523854, at *7 (N.D. Cal. June 28, 2016) (granting motion in limine to exclude statements encouraging jury nullification). The parties are not permitted to make statements encouraging jury nullification.

Finally, the Court notes that Defendant Mercado's counsel of record previously violated this Court's Order prohibiting counsel from making references to defendant's liberty. *See United States v. Yang*, Case No. 16-CR-00334-LHK, ECF No. 197 at 9-10 (N.D. Cal. Oct. 25, 2019); ECF No. 363 at 2479:10-19 (Trial Tr.). If defense counsel again violates the Court's Order, the Court will admonish in the presence of the jury and sanction defense counsel.

The Court therefore GRANTS the motion in part and DENIES the motion in part.

**C. Motion in Limine No. 3**

In its third motion in limine, the Government seeks to preclude Defendant from offering defenses for which the Government has not received due notice. The Government mentions defenses such as entrapment, a defense involving a mental condition, duress, or an alibi. USA Mot. 2.

"The term 'affirmative defense' has generally referred to 'defenses that must be affirmatively raised by the defendant and that are based on justifications or excuses for conduct

6

Case No. 18-CR-00549-LHK-3
ORDER REGARDING GOVERNMENT'S MOTIONS IN LIMINE AND MOTION TO EXCLUDE; DEFENDANT MERCADO'S MOTION IN LIMINE NO. 1

that is otherwise criminal.'" *Aiyaswamy*, 2017 WL 1365228, at *6 (quoting *United States v. Frisbee*, 623 F. Supp. 1217, 1220 (N.D. Cal. 1985)). "Consequently, evidence used to negate the existence of an element of the crime would not traditionally be considered part of an affirmative defense because the evidence is used to show innocence, as opposed to an excuse or justification for an otherwise criminal act." *Frisbee*, 623 F. Supp. at 1220. The Ninth Circuit has held that a district court "may preclude a defense if the defendant fails to make a prima facie showing that she is eligible for the defense." *United States v. Schafer*, 625 F.3d 629, 636 (9th Cir. 2010).

The Government does not point to any particular affirmative defense raised by Defendant Mercado. The Government mentions entrapment, a defense involving a mental condition, duress, and an alibi.

As to an alibi, an alibi is not an affirmative defense as it is "evidence used to show innocence, as opposed to an excuse or justification for an otherwise criminal act." *Frisbee*, 623 F. Supp. at 1220; *Leavitt v. Arave*, 383 F.3d 809, 833 (9th Cir. 2004) (holding that a jury instruction "incorrectly identif[ied] an alibi as an affirmative defense"). The Court DENIES with prejudice the Government's motion in limine to the extent it seeks to exclude evidence of an alibi.

Insofar as Defendant Mercado seeks to raise entrapment, a defense involving a mental condition, or duress—which are all affirmative defenses—the Court agrees that Defendant Mercado is required to make a prima facie showing that he is eligible for any of these affirmative defenses under *Schafer*. *United States v. Gurolla*, 333 F.3d 944, 951 (9th Cir. 2003) ("The affirmative defense of entrapment contains two elements: government inducement of the crime and absence of predisposition on the part of the defendant."); *United States v. Christie*, 825 F.3d 1048, 1065 (9th Cir. 2016) (noting that self defense, necessity, duress, entrapment, and insanity are affirmative defenses); *United States v. Vasquez-Landaver*, 527 F.3d 798, 802 (9th Cir. 2008) ("We have long held that a defendant is not entitled to present a duress defense to the jury unless the defendant has made a prima facie showing of duress in a pre-trial offer of proof. Absent such a prima facie case, evidence of duress is not relevant." (citations omitted)).

7

Case No. 18-CR-00549-LHK-3
ORDER REGARDING GOVERNMENT'S MOTIONS IN LIMINE AND MOTION TO EXCLUDE; DEFENDANT MERCADO'S MOTION IN LIMINE NO. 1

In his opposition to the instant motion, Defendant Mercado states that he does not currently intend to raise any affirmative defenses, but that he may do so in the future, and thus, the instant motion is premature. Mercado Opp. at 4. Defense counsel was appointed on January 9, 2019. On July 10, 2019, this Court set January 15, 2020 as the deadline for motions in limine; January 22, 2020 as the deadline for motions in limine oppositions; and the end of January 2020 for the pretrial conference. Therefore, defense counsel has had ample time to investigate possible affirmative defenses and should have disclosed any affirmative defenses in advance of the pretrial filing deadlines. If Defendant Mercado seeks to raise an affirmative defense after the pretrial conference but before trial, Defendant Mercado must explain why he could not have raised this defense before and must also make a prima facie showing that he is eligible for the defense.

Accordingly, the Court DENIES without prejudice the Government's motion in limine no. 3 as to affirmative defenses.

### III. DEFENDANT MERCADO'S MOTION IN LIMINE

Defendant Mercado filed a single motion in limine asking the Court to permit him to introduce evidence regarding a statement he made to his then-girlfriend Melissa Gonzalez. Ms. Gonzalez plans to testify that Defendant Mercado told her that he planned to drop off a sweatshirt on January 26, 2017. Defendant Mercado argues that though his statement to Ms. Gonzalez is an out-of-court statement, "it falls squarely within the hearsay exception for statements regarding a then-existing mental, emotional, or physical condition." ECF No. 74 at 2.

The Court agrees with Defendant Mercado that this statement is admissible under Federal Rule of Evidence 803(3). Hearsay statements of a declarant's then-existing state of mind may be admitted to prove that state of mind. *United States v. Bishop*, 291 F.3d 1100, 1110 (9th Cir. 2002) ("Statements of intent to perform a future act are admissible 'state of mind' testimony under Rule 803(3)."). In *United States v. Uriarte-Perez*, an unpublished opinion, the Ninth Circuit held that the district court erred in prohibiting the defendant's wife from testifying that on the morning of defendant's arrest, the defendant told her that he was going to Western Auto, even though he was

8
Case No. 18-CR-00549-LHK-3
ORDER REGARDING GOVERNMENT'S MOTIONS IN LIMINE AND MOTION TO EXCLUDE; DEFENDANT MERCADO'S MOTION IN LIMINE NO. 1

arrested for drug-related crimes. 1998 WL 704102, at *2 (9th Cir. Oct. 5, 1998); *Bishop*, 291 F.3d at 1110 ("Any error in excluding . . . testimony about what defendants told him they intended to do or why the intended to do it was harmless. Such testimony may fall under the 'state of mind' exception to the rule against hearsay, but it would still be self-serving . . . .").

The Court will therefore allow Gonzalez's testimony. However, the Court notes that this evidence is of "very little probative value." *Id.* For instance, the testimony might only establish that Defendant Mercado "did not inform [Gonzalez] that he intended to transport drugs." *Id.* "The best evidence would be the defendant's own testimony." *Bishop*, 291 F.3d at 1102. Nonetheless, the Court GRANTS Defendant Mercado's motion in limine.

## IV. GOVERNMENT'S MOTION TO EXCLUDE EXPERT TESTIMONY

In its motion to exclude testimony by defense expert witness, the Government asks the Court to exclude certain testimony from Defendant Mercado's proffered fingerprint identification expert, Kenneth R. Moses. ECF No. 82 ("USA Expert Mot."). Defendant Mercado seeks to admit expert testimony from Moses claiming that a latent fingerprint found on a Ziploc bag containing methamphetamine (a fingerprint that allegedly belongs to Mercado) "suggests an incidental touching, rather than a grasping or carrying." ECF No. 88, Ex. A ¶ 7. The Government argues that Moses's expert testimony regarding the "behavior or actions" of the person who deposited a fingerprint on a Ziploc bag containing methamphetamine should be excluded for three reasons: (1) the testimony is not reliable; (2) any probative value from the testimony is substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury; and (3) the testimony addresses Defendant Mercado's mental state, which is prohibited under the Federal Rules of Evidence. USA Expert Mot. at 1.

"The burden is on the proponent of the expert testimony to show, by a preponderance of the evidence, that the admissibility requirements are satisfied." *United States v. Williams*, 382 F. Supp. 3d 928, 936 (N.D. Cal. 2019) (citing *Lust By & Through Lust v. Merrell Dow Pharm., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996) and Fed. R. Evid. 702 Advisory Committee Notes). Federal Rule

9

of Evidence 702 governs the admissibility of expert testimony and provides that an expert witness may testify if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

"Pursuant to the Federal Rules of Evidence, the district court judge must ensure that all admitted expert testimony is both relevant and reliable." *Wendell v. GlaxoSmithKline LLC*, 858 F.3d 1227, 1232 (9th Cir. 2017) (citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993)).

Scientific evidence is reliable "if the principles and methodology used by an expert are grounded in the methods of science." *Clausen v. M/V New Carissa*, 339 F.3d 1049, 1056 (9th Cir. 2003), *as amended on denial of reh'g* (Sept. 25, 2003). Courts may consider a non-exclusive list of factors to determine whether scientific testimony is sufficiently reliable: "(1) whether the scientific theory or technique can be tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) whether there is a known or potential error rate; and (4) whether the theory or technique is generally accepted in the scientific community." *Id.* at 1056. This framework "applies not only to scientific testimony but to all expert testimony." *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010). At the same time, the reliability inquiry is "flexible," and "the trial court has discretion to decide how to test an expert's reliability as well as whether the testimony is reliable, based on the particular circumstances of the particular case." *Id*. At bottom, "the court's task is to analyze not what the experts say, but what basis they have for saying it." *Wendell*, 858 F.3d at 1232 (quotation marks and internal alterations omitted).

Neither party contests that Moses is a fingerprint expert with significant training and experience. Rather, Defendant Mercado seeks to have Moses testify that the latent fingerprint on the Ziploc bag containing methamphetamine "suggests an incidental touching, rather than a grasping or carrying." ECF No. 88, Ex. A ¶ 7. Defendant Mercado argues that "[i]t is well-established that fingerprint experts can provide reliable expert opinions as to how a person was

10
Case No. 18-CR-00549-LHK-3
ORDER REGARDING GOVERNMENT'S MOTIONS IN LIMINE AND MOTION TO EXCLUDE; DEFENDANT MERCADO'S MOTION IN LIMINE NO. 1

holding an object when the print was made." Mercado Expert Opp. at 5.

In *United States v. Salameh*, the main case upon which Defendant Mercado relies, the expert drew her conclusion that defendant held a notebook in a particular manner based on the presence of specific fingerprints. *See United States v. Salameh*, 152 F.3d 88, 129 (2d Cir. 1998) (expert explained that she could identify which particular part of "a finger left a given print," and thus could tell the position of the finger and that defendant held a notebook in a particular manner). Specifically, the Second Circuit explained that "by putting together the position of *all the fingers*, an expert can tell how a person was holding an object." *Id.* (emphasis added). According to Defendant Mercado, *Salameh* is directly on point because Moses "reviewed the location and orientation of the latent fingerprint" and "concluded that the print was possibly deposited by an incidental touching, rather than a grasping or carrying." Mercado Expert Opp. at 5. The problem with this argument, however, is that Moses draws his conclusion based not on the availability of specific fingerprints, but on the *absence* of a fingerprint. Moses claims that "[t]he lack of opposing fingerprints on the opposite side of the zip-lock bag and the orientation of latent print 6.1-2-A suggests an incidental touching, rather than a grasping or carrying." ECF No. 88, Ex. A ¶ 7.

Defendant Mercado does not cite any case law or scientific evidence supporting the notion that a fingerprint expert can testify as to how an individual held an object based on the absence of fingerprints. Typically, a court might assess the reliability of Moses's testimony based on "(1) whether the scientific theory or technique can be tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) whether there is a known or potential error rate; and (4) whether the theory or technique is generally accepted in the scientific community." *Clausen*, 339 F.3d at 1056. Moses, however, does not provide any such evidence supporting his view that the absence of a fingerprint or a single fingerprint can reliably establish that a touching is "incidental." A dearth of such authority—both in terms of case law and corroborating scientific evidence—coupled with the fact that the proponent of expert testimony bears the burden of

11
Case No. 18-CR-00549-LHK-3
ORDER REGARDING GOVERNMENT'S MOTIONS IN LIMINE AND MOTION TO EXCLUDE; DEFENDANT MERCADO'S MOTION IN LIMINE NO. 1

establishing admissibility, *Williams*, 382 F. Supp. 3d at 936, weighs against admitting Moses's expert opinion.

Furthermore, Moses's expert testimony is unreliable because it fails to rule out other conclusions. Moses's own declaration notes that the evidence "suggests an incidental touching, rather than a grasping or carrying." ECF No. 88, Ex. A ¶ 7. However, Moses's opinion does not address or rule out any other possible reasons for a lack of opposing fingerprints or why it is more likely than not that the latent fingerprint was deposited by an incidental touching. An expert need not rule out every possible alternative cause for his or her testimony to be admissible, but an "inability to dismiss various other possible causes" permits a court to exclude expert testimony as unreliable. *Diviero v. Uniroyal Goodrich Tire Co.*, 114 F.3d 851, 853 (9th Cir. 1997); *see also Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 839 (9th Cir. 2011) (excluding an expert report when, among other reasons, it "does not actually consider confounding factors" and "failed to consider and rule out other sources [of injury] at all"); *accord Lust By & Through Lust v. Merrell Dow Pharm., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996) ("[T]he district court can exclude the opinion if the expert fails to identify and defend the reasons that his conclusions are anomalous.").

Finally, although Defendant Mercado is correct that cases establish that the position of a fingerprint can demonstrate how a person was holding an object, Defendant Mercado does not cite any case law or evidence establishing that the position of a fingerprint can demonstrate whether a touching is incidental, accidental, or intentional, which goes to the state of mind and intent of Defendant Mercado. Federal Rule of Evidence 704(b) provides that "[i]n a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense. Those matters are for the trier of fact alone." In the instant case, Defendant Mercado's knowledge and intent are elements of the crimes charged. Thus, expert testimony on whether Defendant Mercado did or did not have the requisite mental state to commit the crimes charged is prohibited by the Federal Rules of Evidence.

In conclusion, "the court's task is to analyze not what the experts say, but what basis they have for saying it." *Wendell*, 858 F.3d at 1232 (quotation marks and internal alterations omitted). On the record before it, Defendant Mercado did not carry his burden of demonstrating that Moses had a reliable basis for concluding that the latent fingerprint "suggests an incidental touching, rather than a grasping or carrying." ECF No. 88, Ex. A ¶ 7. Moreover, Defendant Mercado cannot introduce an expert opinion on whether Defendant Mercado did or did not have the requisite mental state to commit the crimes charged.

Accordingly, the Court GRANTS Defendant's motion to exclude Moses's expert testimony that the latent fingerprint suggests an incidental touching rather than a grasping or carrying.

**IT IS SO ORDERED.**

Dated: January 30, 2020

_____
LUCY H. KOH
United States District Judge