UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>RICARDO MERCADO,<br>Defendant. | Case No. 18-CR-00549-LHK-3<br>**ORDER REGARDING ADMISSIBILITY OF CONFIDENTIAL HUMAN SOURCE'S PRIOR CONVICTIONS**<br>Re: Dkt. Nos. 136, 137 |

Before the Court are the parties' motions in limine regarding the admissibility of a Confidential Human Source ("CHS's) prior convictions. ECF Nos. 136, 137. Having considered the parties' submissions, the relevant law, and the record in this case, the Court GRANTS in part and DENIES in part the motions in lime.

**I.     BACKGROUND**

On November 8, 2018, a federal grand jury returned an Indictment charging Defendants Luis Gonzalez, Alex Gonzalez-Perez, Ricardo Mercado, and Edwin Christian Figueroa with various drug-related offenses, including possession with intent to distribute and distribution of methamphetamine and conspiracy to possess with intent to distribute and to distribute methamphetamine. ECF No. 1 ("Indictment"). As relevant here, Count Four charged Defendant

1  Ricardo Mercado with conspiracy to possess with intent to distribute and to distribute
2  methamphetamine and Count Five charged possession with intent to distribute and distribution of
3  methamphetamine. *Id*.

4  All of Defendant Mercado's co-defendants have pled guilty and are awaiting sentencing.
Defendant Ricardo Mercado is proceeding to trial. The Government intends to rely on a
Confidential Human Source ("CHS") at Defendant Mercado's trial to prove that Defendant
Mercado knowingly committed the charged crimes.

On February 26, 2020, the parties stipulated that evidence of the CHS's 2018 misdemeanor conviction for use/under the influence of a controlled substance and 2018 felony grand theft conviction were admissible for impeachment. ECF No. 134.

On February 27, 2020, the Government indicated it was investigating whether there was a felony conviction for facilitation of methamphetamine manufacturing. ECF No. 136 at 1-2 n.1 ("Gov't Mot."). On February 28, 2020, the Government confirmed that it believed that the CHS was convicted for felony facilitation of methamphetamine manufacturing and therefore did not oppose use of this conviction for impeachment purposes. ECF No. 140 ¶ 3.

As a result, the parties only dispute whether three of the CHS's convictions are admissible: (1) a December 1, 1997 felony conviction for forgery; (2) a March 20, 2000 felony conviction for grand theft; and (3) a March 23, 2005 misdemeanor conviction for obstructing/resisting a public officer. *See* ECF No. 137 ("Defendant's Mot.").

## II. LEGAL STANDARD

### A. Motions in Limine

Motions in limine are a "procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). Like other pretrial motions, motions in limine are "useful tools to resolve issues which would otherwise clutter up the trial." *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017). Accordingly, "a ruling on a motion in limine is essentially a preliminary opinion that falls entirely within the discretion of the district court." *Id.*; *see Luce v. United States*, 469 U.S. 38, 41 n. 4

(1984) (explaining that a court may rule in limine "pursuant to the district court's inherent authority to manage the course of trials").

In many instances, however, rulings "should be deferred until trial, so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *United States v. Pac. Gas & Elec. Co.*, 178 F. Supp. 3d 927, 941 (N.D. Cal. 2016). For example, in order to exclude evidence on a motion in limine, "the evidence must be inadmissible on all potential grounds." *McConnell v. Wal-Mart Stores, Inc.*, 995 F. Supp. 2d 1164, 1167 (D. Nev. 2014). Thus, denial of a motion in limine to exclude certain evidence does not mean that all evidence contemplated by the motion will be admitted, only that the court is unable to make a comprehensive ruling in advance of trial. *Id.* Moreover, even if a district court does rule in limine, the court may "change its ruling at trial because testimony may bring facts to the district court's attention that it did not anticipate at the time of its initial ruling." *City of Pomona*, 866 F.3d at 1070; *see also Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000) ("[I]n limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial.").

### B. Federal Rule of Evidence 609

Federal Rule of Evidence 609 permits impeachment by evidence of criminal conviction. Rule 609 provides as follows:

(a) In General. The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:

    (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:

        (A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and

        (B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and

    (2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement.

3

(b) Limit on Using the Evidence After 10 Years. This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:

(1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and

(2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

Rule 609(a)(1) states that if a witness was convicted of a crime and that crime "was punishable by death or by imprisonment for more than one year," the conviction "must be admitted, subject to Rule 403." The Ninth Circuit has "outlined five factors that should be considered in balancing the probative value of a prior conviction against its prejudicial impact for purposes of Rule 609(a)(1)." *United States v. Alexander*, 48 F.3d 1477, 1488 (9th Cir. 1995). Those five factors are: (1) the impeachment value of the prior crime; (2) the point in time of conviction and the defendant's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the defendant's credibility. *Id.*; *United States v. Hursh*, 217 F.3d 761, 768 (9th Cir. 2000).

Rule 609(a)(2) provides another avenue for admission of a prior conviction. Rule 609(a)(2) states that "for any crime regardless of punishment, the evidence [of conviction] must be admitted if the court can readily determine that . . . the elements of the crime required proving . . . a dishonest act or false statement." Put another way, Rule 609(a)(2) requires admission of convictions that involve "a dishonest act or false statement." *See United States v. Glenn*, 667 F.2d 1269, 1272 (9th Cir. 1982) ("Convictions involving 'dishonesty or false statement' within the meaning of [R]ule 609(a)(2) are automatically admissible; the court need not conduct a balancing test [pursuant to Rule 609(a)(1)]."); *United States v. Field*, 625 F.2d 862, 871 (9th Cir. 1980) ("Such crimes [i.e., crimes involving a dishonest act or false statement] are always admissible; rule 609(a)(2) grants no judicial discretion for their exclusion.").

Regardless of whether convictions are admissible under Rule 609(a)(1)'s balancing test or Rule 609(a)(2)'s per se rule for convictions involving dishonesty or false statements, however,

4

Case No. 18-CR-00549-LHK-3
ORDER REGARDING ADMISSIBILITY OF CONFIDENTIAL HUMAN SOURCE'S PRIOR CONVICTIONS

Rule 609(b) imposes limitations if those convictions are over ten years old. In situations where "more than 10 years have passed since the witness's conviction or release from confinement," "[e]vidence of the conviction is admissible only if . . . its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b); *United States v. Bensimon*, 172 F.3d 1121, 1125-26 (9th Cir. 1999) (applying Rule 609(b) balancing to a "seventeen-year-old mail fraud conviction"). The Ninth Circuit has clarified that courts acting pursuant to Rule 609(b) should analyze the same five factors that are relevant to Rule 609(a)(1)'s five-factor balancing test.[1] *See Simpson v. Thomas*, 528 F.3d 685, 680 n.3 (9th Cir. 2008) (noting that in determining whether "the probative value *substantially* outweighs the prejudice" pursuant to Rule 609(b), courts should consider the five factors from *Hursh*); *Worldwide Subsidy Grp., LLC v. Fed'n Int'l de Football Ass'n*, 771 Fed. App'x 767, 768 (9th Cir. 2019) ("In balancing the probative value of Worldwide's witness's prior conviction for mail fraud against that evidence's prejudicial effect, as required by Federal Rule of Evidence 609(b), the district court properly considered five relevant factors identified by this circuit." (citing *Hursh*, 217 F.3d at 768)).

However, while Rule 609(a)(1)'s and Rule 609(b)'s tests consider the same factors, Rule 609(a)(1) and Rule 609(b) employ different standards in weighing whether to admit convictions. "[U]nder Rule 609(a), the court must determine whether the probative value of the conviction is 'substantially outweighed by the danger of unfair prejudice' under Rule 403." *Gomez v. Cty. of Los Angeles*, 2010 WL 11598025, at *4 (C.D. Cal. May 3, 2010). "By contrast, before admitting a conviction older than ten years under Rule 609(b), the court must find 'that the probative value of

---

[1] Though the language of these five factors refers to situations where a defendant testifies as a witness, courts in the Ninth Circuit have used these same five factors in assessing whether to allow convictions to impeach non-defendant witnesses. *See, e.g., United States v. Herrera*, 2016 WL 11637163, at *12 (C.D. Cal. Aug. 4, 2016) (applying five-factor test to non-defendant witness); *United States v. Young*, 2013 WL 12218750, at *2 (C.D. Cal. Nov. 25, 2013) (applying five-factor test when determining whether to exclude evidence of prior convictions under Rule 609(b)); *United States v. Rakow*, 2006 WL 8445941, at *3 n.14 (C.D. Cal. July 3, 2006) (applying five-factor test and noting that "[b]ecause Zaplin is a witness rather than a defendant, . . . there is little likelihood that the jury will be influenced to decide the guilt or innocence of the defendants based on [Zaplin's] obstruction of justice crime").

the conviction . . . substantially outweighs its prejudicial effect." *Id.* If a party seeks to admit evidence of a conviction that is over ten years old, the proponent of the evidence bears the burden of demonstrating that the evidence's probative value substantially outweighs its prejudicial effect. *Id.* (collecting cases); *Gomez v. County of Los Angeles*, 2011 WL 13269747, at *2 (C.D. Cal. July 21, 2011) ("[P]roponents of the evidence . . . bear the burden of proof to show that the prior . . . conviction is admissible under Rule 609.").

## III. DISCUSSION

Defendant Mercado seeks to introduce (1) a December 1, 1997 felony conviction for forgery; (2) a March 20, 2000 felony conviction for grand theft; and (3) a March 23, 2005 misdemeanor conviction for obstructing/resisting a public officer. The Court addresses each conviction in turn.

### A. December 1997 Felony Forgery Conviction

On December 1, 1997, the CHS was convicted of the felony charge of forgery, in violation of California Penal Code Section 470(a). Ex. B at 4. Even though a prior conviction for forgery necessarily involves a "dishonest act or false statement" and is per se admissible under Rule 609(a)(2), *see United States v. Field*, 625 F.2d 862, 871 (9th Cir. 1980) ("Field's prior conviction for forgery, a crime involving fraudulent falsification, was properly admissible [under Rule 609(a)(2)]."), the CHS's forgery conviction is over ten years old. Ex. B at 3. Therefore, Defendant Mercado must demonstrate pursuant to Rule 609 that the probative value of the December 1997 forgery conviction substantially outweighs its prejudicial effect. The Court assesses (1) the impeachment value of the prior crime; (2) the point in time of conviction and the defendant's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the defendant's credibility. *Hursh*, 217 F.3d at 768. The Court concludes that despite its age, the December 1997 forgery conviction is highly probative of the CHS's credibility as a witness and the probative value substantially outweighs any prejudicial effect.

First, forgery is highly probative of the CHS's character for truthfulness. *United States v.*

*Gay*, 967 F.2d 322, 328 (9th Cir. 1991) ("Evidence of prior fraud is considered probative of the witness's character for truthfulness or untruthfulness."); *United States v. Rakow*, 2006 WL 8445941, at *3 (C.D. Cal. July 3, 2006) ("[T]he most probative sort of prior conviction is for an offense that indicates a lack of veracity, such as fraud, forgery or perjury." (quoting *United States v. Beahm*, 664 F.2d 414, 418 n.6 (4th Cir. 1981))). Thus, the first factor cuts strongly in favor of admission.

Additionally, a central issue in the instant case is whether Defendant Mercado knowingly distributed drugs to the CHS. Therefore, the CHS's testimony that Defendant Mercado knowingly distributed drugs to the CHS is critical to proving or disproving that Defendant Mercado knowingly committed the charged crimes. *See Am. Home Assur. Co. v. Am. President Lines, Ltd.*, 44 F.3d 774, 779 (9th Cir. 1994) ("Probative value is determined by how likely the evidence is to prove some fact . . . ."). As a result, the fourth and fifth factors also weigh strongly in favor of admission. *Rakow*, 2006 WL 8445941, at *3 ("The conviction was based on Zaplin's attempt to defraud the court by coercing a witness to testify falsely before the grand jury. This conduct bears directly on Zaplin's truthfulness and credibility, and on his respect for truth-telling in the judicial process. Because Zaplin's testimony is critical to proof of the government's allegation that Rakow funneled money he earned from his dealings with the New Mexico gallery to Del Bianco, evidence bearing on Zaplin's truthfulness or untruthfulness is highly probative.").

Finally, the second and third factors are neutral or weigh against admission. As to the second factor, the CHS's December 1997 forgery conviction is almost twenty-three years old, which reduces its probative value and weighs against admission. The third factor, the similarity between the past crime and the charged crime, is neutral and not relevant because the CHS is not charged with any crimes.

Balancing all these factors together, the Court holds that the probative value of the CHS's December 1997 forgery conviction substantially outweighs its prejudicial effect. *See United States v. Allen*, 1996 WL 375023, at *1 (9th Cir. 1996) (unpublished) ("Allen claims that the district court improperly allowed the government to impeach him with his 1977 perjury

conviction. This claim lacks merit . . . [because] the probative value of a perjury conviction is so great that the district court would not have abused its discretion if it had ruled it admissible."); *Herrera*, 2016 WL 11637163, at *12 (permitting introduction of nearly forty-year-old conviction for conspiracy to commit mail fraud under Rule 609(b)); *Zinman v. Black & Decker (U.S.), Inc.*, 983 F.2d 431, 434 (2d Cir. 1993) (holding that the district court properly admitted an eighteen-year-old conviction for Medicare fraud because the district court found that "making a false statement to a government agency is a crime akin to perjury, . . . that [the] conviction . . . bore heavily on his credibility, . . . [and that his] credibility was highly relevant to several disputed issues in the case"). Though the conviction is almost twenty-three years old, forgery is a crime that is necessarily probative of character for truthfulness, and the CHS's truthfulness is crucial in the instant case. As a result, the Court DENIES the Government's motion in limine to exclude the CHS's December 1997 forgery conviction.

### B. March 2000 Felony Grand Theft Conviction

The Court now addresses the CHS's March 2000 felony grand theft conviction. On March 20, 2000, the CHS was convicted of grand theft under California Penal Code Section 487(a). Ex. B at 8. Because the CHS's March 2000 grand theft conviction is twenty years old and thus over ten years old, the Court analyzes whether to admit the conviction pursuant to Rule 609(b). Defendant Mercado must demonstrate that the March 2000 grand theft conviction's probative value substantially outweighs its prejudicial effect pursuant to Rule 609(b). The Court assesses (1) the impeachment value of the prior crime; (2) the point in time of conviction and the defendant's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the defendant's credibility. *Hursh*, 217 F.3d at 768. The Court concludes that despite its age, the 2000 grand theft conviction is probative of the CHS's credibility as a witness and substantially outweighs its prejudicial effect.

First, while "theft crimes" do not per se "involve 'dishonesty or false statement' within the meaning of [R]ule 609(a)(2)," *Glenn*, 667 F.2d at 1273, "prior convictions for robbery are

8

Case No. 18-CR-00549-LHK-3
ORDER REGARDING ADMISSIBILITY OF CONFIDENTIAL HUMAN SOURCE'S PRIOR CONVICTIONS

probative of veracity," *Alexander*, 48 F.3d at 1488 (quoting *United States v. Givens*, 767 F.2d 574, 580 (9th Cir. 1985)); *United States v. Wilson*, 536 F.2d 883, 885 (9th Cir. 1976) ("[P]rior crimes [of receiving stolen property and attempted robbery] reflect[] adversely on . . . honesty and integrity and were thus relevant to the credibility question."); *United States v. Rodriguez-Landa*, 2019 WL 653853, at *10 (C.D. Cal. Feb. 13, 2019) ("Prior convictions for robbery are probative of veracity." (quoting *Alexander*, 48 F.3d at 1488)). Therefore, the first factor favors admission of the CHS's March 2000 grand theft conviction.

Furthermore, as before, a central issue in the instant case is whether Defendant Mercado knowingly distributed drugs to the CHS, and therefore, the CHS's testimony that Defendant Mercado knowingly distributed drugs to the CHS is critical to proving or disproving that Defendant Mercado knowingly committed the charged crimes. *See Am. Home Assur. Co.*, 44 F.3d at 779 ("Probative value is determined by how likely the evidence is to prove some fact . . . ."). Accordingly, because the March 2000 conviction for grand theft is probative of veracity, the importance of the CHS's testimony and the centrality of the CHS's credibility strongly weigh in favor of admission.

Finally, as was the case with the CHS's December 1997 forgery conviction, the second and third factors are neutral or weigh against admission of the CHS's March 2000 grand theft conviction. As to the second factor, the CHS's March 2000 forgery conviction is twenty years old, which reduces its probative value and weighs against admission. The third factor, however, is again neutral and not relevant because the CHS is not charged with any crimes in the instant case.

Balancing all these factors together, the Court holds that the probative value of the March 2000 grand theft conviction substantially outweighs its prejudicial effect. The Court notes that the admissibility of the CHS's March 2000 grand theft conviction is a closer call than the CHS's December 1997 forgery conviction. The 2000 grand theft conviction is twenty years old, and grand theft is a crime that is probative of veracity, but unlike forgery, grand theft is not a per se crime involving a dishonest act or false statement. However, given the context of the instant case, where the CHS's testimony and credibility are crucial to proving or disproving whether Defendant

9

Mercado knowingly committed the charged crimes, the Court holds that Defendant Mercado has established that the March 2000 grand theft conviction is admissible pursuant to Rule 609(b). As a result, the Court DENIES the Government's motion in limine to exclude the CHS's March 2000 grand theft conviction.

**C. March 2005 Misdemeanor Obstructing/Resisting A Public Officer Conviction**

Finally, the Court turns to the CHS's March 2005 misdemeanor obstructing/resisting a public officer conviction. On March 23, 2005, the CHS was convicted of a misdemeanor offense of obstructing/resisting a public officer under California Penal Code Section 148(a). Ex. B at 18-19. At the outset, the Court notes that Defendant Mercado seeks to use evidence of CHS's arrest as impeachment evidence. *See* Defendant's Mot. at 7-8 (noting the CHS was arrested for providing false identification but noting that the CHS was only convicted of obstructing/resisting a public officer). Unfortunately for Defendant Mercado, "Fed. R. Evid. 609 does not allow the use of prior arrests for purposes of impeachment." *Medrano v. City of Los Angeles*, 973 F.2d 1499, 1507 (9th Cir. 1992). What Defendant Mercado is left with is the CHS's March 2005 misdemeanor conviction for obstructing/resisting a public officer. Ex. B at 18.

Defendant Mercado, however, does not argue that obstructing/resisting a public officer is probative of truthfulness even though "proponents of the evidence . . . bear the burden of proof to show that the prior . . . conviction is admissible under Rule 609." *Gomez*, 2011 WL 13269747, at *2. The fact that the March 2005 obstructing/resisting a public officer conviction is fifteen years old weighs against admission. Fed. R. Evid. 609(b). Additionally, while the CHS's credibility and testimony are important in the instant case, Defendant Mercado has not met his burden to establish that a misdemeanor conviction of obstructing/resisting a public officer is actually probative of truthfulness.

Moreover, the introduction of such evidence could potentially confuse the issues, mislead the jury, and waste time. Fed. R. Evid. 609(a)(1)(A); Fed. R. Evid. 403. Furthermore, the Government has stipulated to the admission of the CHS's 2018 misdemeanor conviction for use/under the influence of a controlled substance, 2018 felony grand theft conviction, and 2011

1 felony facilitation of methamphetamine manufacturing conviction. ECF Nos. 134, 140. In this Order, the Court also finds that the CHS's nearly twenty-three-year-old felony forgery conviction and twenty-year-old felony grand theft conviction are admissible for impeachment. Therefore, the Court finds that the fifteen-year-old misdemeanor conviction for obstructing/resisting a public officer is cumulative in attacking the CHS's credibility with prior convictions.

As such, Defendant Mercado has failed to demonstrate that the CHS's March 2005 misdemeanor obstructing/resisting a public officer conviction should be admitted under Rule 609. Therefore, the Court GRANTS the Government's motion in limine to exclude the CHS's March 2005 misdemeanor obstructing/resisting a public officer conviction.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES the Government's motion in limine to exclude the CHS's December 1997 felony forgery conviction and March 2000 felony grand theft conviction. The Court GRANTS the Government's motion in limine to exclude the CHS's March 2005 misdemeanor obstructing/resisting a public officer conviction.

**IT IS SO ORDERED.**

Dated: March 2, 2020

_____
LUCY H. KOH
United States District Judge